UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **STARR LAFORCE, et al.,** | ) | **CASE NO. 1:13CV2327** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **HOPE ACADEMIES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #8) of Defendants, Hope Academies and White Hat Management, to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and the Motions (ECF DKT #13 & #18) of Plaintiffs, Starr LaForce and Frank Bacety, to File an Amended Complaint and a Second Amended Complaint. For the following reasons, and taking into account Plaintiffs' proposed amendments, Defendants' Motion to Dismiss is granted.

## I. BACKGROUND

This case was removed from Cuyahoga County Common Pleas Court on October 21, 2013, under federal question jurisdiction. Plaintiffs filed a Motion to Remand (ECF DKT #6) and that Motion was denied on June 3, 2014. Defendants, Hope Academies and White Hat Management, filed a Motion to Dismiss (ECF DKT #8) for failure to state a claim. Plaintiffs filed a Brief in Opposition (ECF DKT #9) and a Motion to File an Amended Complaint (ECF DKT #13), which Defendants opposed. On April 8, 2014, Plaintiffs filed a Motion to File a Second Amended Complaint (ECF DKT #18), which is exactly the same as the previous proposed Amended Complaint, with the exception of naming H.A. West, LLC as a new party defendant. Defendants submitted their Opposition (ECF DKT #19), principally arguing futility.

Plaintiffs bring this Complaint[1], against Defendant Hope Academies, Defendant White Hat Management, and Defendant H.A. West, LLC, for certification of a collective action under the Fair Labor Standards Act ("FLSA"), pursuant to 29 U.S.C. § 201 *et seq.*, and for certification as a class action under Fed.R.Civ.P. 23. Plaintiffs, Starr LaForce and Frank Bacety, allege that they formerly worked as custodians at Hope Academy West. They allege that Defendant White Hat Management owned, managed and/or operated Hope Academy West and is licensed in the State of Ohio to operate charter schools. They claim that they "worked overtime hours and were not paid one and one-half times their regular rate of pay for all hours worked over 40 hours in a work week." (Second Amended Complaint, ECF DKT

---

[1] For purposes of this Opinion, the Court will refer to the allegations and causes of action asserted in Plaintiffs' proposed Second Amended Complaint. (ECF DKT #18).

#18-3, ¶ 5).  They also claim that they were "not paid for all the time they worked" in violation of the minimum wage provisions of the FLSA and the Ohio Minimum Fair Wage Standard Law ("OMFWS"), Ohio Revised Code Section 4111.01 *et seq*. and Article II § 34 of the Ohio Constitution.  *Id*.

Plaintiffs' proposed Amended Complaints incorporate two exhibits: Exhibit A - Bacety's 2011-2012 Employment Agreement (Non-Exempt Employee) and Exhibit B - LaForce's 2012-2013 Employment Agreement (Non-Exempt Employee).  Both Exhibits identify the employer as HA West, LLC; and Paragraph 3 recites in pertinent part: "EMPLOYEE fully acknowledges and agrees that he/she is an employee of EMPLOYER and not of the Non-Profit Board of Directors or affiliated organizations."

**Plaintiffs' Allegations**

I.  <u>Violation of FLSA (Overtime Compensation)</u>:  Defendants are "enterprises engaged in commerce" and "employers;" and Plaintiffs are "employees," all within the meaning of the relevant provisions of the FLSA.  "At all pertinent times, Plaintiffs were not paid overtime pursuant to the FLSA."  (*Id*. at ¶ 13).  Plaintiffs are entitled to back wages, liquidated damages, pre- and post-judgment interest and attorney fees in an amount not presently ascertainable.  (*Id*. at ¶ 15).

II.  <u>Ohio Minimum Wage Law (Overtime Compensation)</u>:  Re-alleging previous paragraphs, Plaintiffs allege that they "are owed overtime pay pursuant to the Ohio Minimum Fair Wage Standard Law, Ohio Revised Code §§ 411.01 [sic] *et seq*. and Article II § 34 of the Ohio Constitution."  (*Id*. at ¶ 17).

III. <u>Violation of FLSA and OMFWS (Minimum Wage)</u>:

19. Plaintiffs were paid for 79 hours of work twice a month or 24 times per year, although they were employed and worked 52 weeks per year.

20. The Defendants' actions in failing to pay the Plaintiffs for each hour worked was [sic] in violation of the minimum wage provisions of FLSA and the OMFWS.

21. Plaintiffs state they were paid the same amount each pay period despite the fact they were employed throughout each month and worked a minimum of eight hours per day, for which they were not compensated.

22. The hours which they were not paid total 184 including four weeks per year including 24 hours for which they were underpaid.

23. As a result each is owed approximately $1,472.00 each as well as liquidated damages in a similar amount based on ***a minimum wage of $8.00 per hour***.  (Emphasis added).
(*Id*.)

IV. <u>Breach of Contract</u>:

25. At all times relevant, Plaintiff Frank Bacety was contracted to work 80 hours per two week pay period and was paid at the rate of $12.1308.  A copy of that contract is attached hereto as Exhibit A.

26. At all times relevant, Plaintiff Starr LaForce was contracted to work for the Defendant for 80 hours per two week period at a rate of $11.634 per hour. A copy of that contract is attached hereto as Exhibit B.

27. Plaintiffs were only paid 79 hours per two week period but only twice a month.  As a result they were unpaid for approximately four weeks per year which they worked.

28. As a direct and proximate result of the acts set out herein, there is due to Plaintiff Bacety back wages in an approximate amount of $2,232.07 and for Plaintiff LaForce, back wages in an approximate amount of $2,140.66, plus interest.

29. The actions of the Defendants in failing to pay the Plaintiffs the amount owed was intentional, wilfull [sic] and wanton for which the Plaintiffs are entitled to punitive damages in an amount of approximately $25,000.00 each, as well as pre- and post-judgment interest and attorney's fees.

(*Id.*)

V. <u>Collective and Class Action Allegations</u>: Plaintiffs, individually and on behalf of similarly situated employees (defined as: "All current and former employees of the Defendants in the State of Ohio who are in non-teaching or non-administrative capacities including but not limited to custodians, kitchen help.") seek relief challenging Defendants' practice of failing to pay its non-exempt employees for all hours worked, including overtime compensation, which Plaintiffs contend is in violation of the FLSA, OMFWS, and which represents a breach of contract as to members of the class. (*Id.* at ¶ 30, *et seq.*)

Plaintiffs recite how the Fed.R.Civ.P. 23 factors are satisfied; and further allege that "[t]he interests of the members of the class will be fairly and adequately protected by the Plaintiffs and their undersigned counsel, who have extensive experience prosecuting these types of matters." (*Id.* at ¶ 41).

## II. LAW AND ANALYSIS

### Fed.R.Civ.P. 15 Motions to Amend

Federal courts have a liberal policy of "freely giv[ing] leave [to amend] when justice so requires," allowing parties to make curative changes to deficient pleadings. Fed.R.Civ.P. 15(a)(2). However, leave to amend may be denied "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). "A proposed amendment is futile if the amendment could not withstand a Fed.R.Civ.P. 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

**Fed.R.Civ.P. 12(b)(6) Motions to Dismiss**

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation.  *Id.* at 555.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Id.* at 570.  A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged.  *Id.* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully.  *Id.*  Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*."  *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations.  *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No.1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

**Overtime Compensation**

In the First and Second Causes of Action, Plaintiffs claim that they "were not paid overtime" and "are owed overtime pay" pursuant to the FLSA, OMFWS and the Ohio Constitution.  Plaintiffs do not provide the dates of their employment at the charter school.  They do not offer even an approximation of the hours they worked over 40 hours in any given week for which they were not paid at one and one-half times the regular rate.  According to their Employment Agreements (Exhibits A & B): "EMPLOYEE acknowledges that he/she is not permitted to work more than forty (40) hours per week without prior written consent from the Administrator."  (ECF DKT #18-1 and #18-2 at Paragraph 4).  Plaintiffs fail to allege that they obtained the required prior written consent.

The Court finds that Plaintiffs' First and Second Causes of Action exemplify just that type of bare-bones allegations that *Twombly* and *Iqbal* prohibit.

**Minimum Wage**

Plaintiffs assert that they were paid the same amount twice a month, although they worked 52 weeks per year for a minimum of eight hours per day.  (Second Amended Complaint, ¶¶ 18-21).  They claim they were not paid for 184 hours, and are owed $1,472.00 each, plus liquidated damages based upon a minimum wage of $8.00 per hour.  (*Id*. at ¶¶ 22-3).  Once again, Plaintiffs do not describe their hourly pay rate; nor state if LaForce and Bacety were paid on the same scale; nor provide the dates of their employment.  Moreover, the Court can take judicial notice of the prevailing minimum wage in Ohio, which is $7.95.  (See U.S. Department of Labor website).  So, Plaintiffs' allegations are belied by established facts.  Without knowing the year or years of Plaintiffs' employment nor their hourly pay rate,

Plaintiffs' Third Cause of Action fails to state a plausible claim for relief.

**Breach of Contract**

In the Fourth Cause of Action against all Defendants, Hope Academies, White Hat Management, and H.A. West, LLC, Plaintiff Bacety alleges he "was contracted to work 80 hours per two week pay period and was paid at the rate of $12.1308;" and Plaintiff LaForce alleges she "was contracted to work for the Defendant for 80 hours per two week period at a rate of $11.634 per hour." (*Id*. at ¶¶ 25-6). Further, since Plaintiffs were allegedly paid for only 79 hours twice a month, they were unpaid for approximately four weeks per year and are owed back wages in an approximate amount of $2,232.07 and $2,140.66 respectively, plus interest.

The Court is confronted with a number of issues in reviewing Plaintiffs' Breach of Contract Cause of Action under the Fed.R.Civ.P. 12(b)(6) standard. Plaintiffs' allegations are contradicted by their own exhibits and are internally inconsistent.

Despite adding H.A. West, LLC as a new party defendant, the Breach of Contract count speaks of Defendants only in general terms. This does not align with the language of Exhibits A and B, reciting: "EMPLOYEE fully acknowledges and agrees that he/she is an employee of EMPLOYER [HA West, LLC] and not of the Non-Profit Board of Directors or affiliated organizations." Defendant HA West, LLC is the only party that can be liable under the applicable employment agreements.

In ¶¶ 25 & 26, the hourly pay rate for Bacety is identified as $12.1308, and the hourly pay rate for LaForce is identified as $11.634, for 80 hours per two week period. Yet, in Plaintiffs' Third Cause of Action at ¶ 23, they complain that they were underpaid, "based on a


minimum wage of $8.00 per hour." Plaintiffs' factual recitations are confusing at a minimum, and contradictory on their face.

Additionally, the two employment agreements, attached and incorporated into Plaintiffs' proposed Second Amended Complaint, do not describe compensation in terms of hourly rates. Rather, Bacety is compensated in semi-monthly installments of $958.33 on the 15th and 30th of each month; and LaForce is compensated in semi-monthly installments of $916.67 on the 15th and 30th of each month. (ECF DKT #18-1 & #18-2). When the Court calculates hourly pay by dividing the semi-monthly installment amounts by 80 hours, the results are $11.979 for Bacety (not $12.1308), and $11.458 for LaForce (not $11.634). Again, the Court has difficulty following the logic of the pleading. Certainly, Defendants would be unable to formulate reasonable responses and defenses to Plaintiffs' breach of contract allegations.

In ¶ 29, Plaintiffs allege that they are entitled to punitive damages because Defendants' failure to pay them the amount owed was intentional, wilfull [sic] and wanton. Under Ohio law, courts do not award punitive damages for breach of contract. *Lake Ridge Academy v. Carney*, 66 Ohio St.3d 376, 381 (1993); *In re Graham Square, Inc.*, 126 F.3d 823, 828 (6th Cir. 1997). The exception is when "the conduct constituting the breach is also a tort for which punitive damages are recoverable." *Graham Square*, 126 F.3d at 828. Aside from their formulaic statement regarding Defendants' conduct, Plaintiffs have not offered any allegations which would make a punitive damages claim plausible in the context of breach of contract.

**Collective Action/Class Action**

Since the Court's preceding analysis eliminates Plaintiffs' overtime, minimum wage and breach of contract causes of action, there is no surviving underlying claim to be brought as a collective or class action.  Furthermore, because Plaintiffs' factual allegations are deficient, Plaintiffs cannot establish that they are similarly situated to other of Defendants' employees.  Plaintiffs have failed to demonstrate that they, along with other employees, are subject to a common policy or plan that violates the law.  Without successfully alleging claims against Defendants, Plaintiffs are unable to satisfy Rule 23's typicality and commonality factors.  It follows, then, that a class action would not be superior to individual lawsuits for adjudicating wage and hour claims.  The Court further finds that Plaintiffs Bacety and LaForce do not adequately represent nor fairly protect the interests of other employees.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #8) of Defendants, Hope Academies and White Hat Management, to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim is granted.  The Motions (ECF DKT #13 & #18) of Plaintiffs, Starr LaForce and Frank Bacety, to File an Amended Complaint and a Second Amended Complaint are denied because the proposed amendments would be futile.

**IT IS SO ORDERED.**

                                                   s/ Christopher A. Boyko  
                                                   **CHRISTOPHER A. BOYKO**  
                                                   **United States District Judge**

**Dated:  June 23, 2014**